UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAGUN SUSAN DAGLIYAN, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>BANK OF AMERICA, N.A., A National Association; DEPARTMENT STORES NATIONAL BANK, A South Dakota Corporation; CACH, LLC, a Colorado Limited Liability Company; CHASE BANK USA, N.A., a National Association; EQUABLE ASCENT FINANCIAL, LLC, a Delaware Limited Liability Company; GMAC MORTGAGE LLC, a Delaware Limited Liability Company; MACYS CORPORATE SERVICES, INC., a Delaware Corporation; MIDLAND FUNDING, LLC., A Delaware Limited Liability Company; NORDSTROM FSB, a Washington Corporation; PNC MORTGAGE N.A., a National Association;<br><br>　　　　　　　Defendants. | No. 12-cv-08784-CBM (SHx)<br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

1

Before the Court is Defendant's Motion for Judgment on the Pleadings as to Plaintiff's Second Amended Complaint ("SAC") and Defendant's Request for Judicial Notice. (Docket Nos. 79, 80.) The Court denies Defendant's Motion and Request for Judicial Notice.

## I.   JURISDICTION

This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1367(a).

## II.   FACTUAL OVERVIEW

This case is about a dispute relating to Plaintiff's credit. In 2012, Plaintiff obtained her credit reports, which indicated that she had credit card account with Defendant Bank of America N.A. ("BANA"). (SAC ¶ 9.) This account was later transferred to/purchased by CACH LLC ("CACH"), a collection agency. (*See id.* at ¶ 13.) Plaintiff's lawsuit relates to information in the credit reports, which are created by the three major credit reporting agencies ("CRAs"). The three major CRAs are non-parties Experian, Equifax, and TransUnion, which provide credit reports on consumers. (*Id.* at ¶ 9.)

Plaintiff alleges Defendant has furnished inaccurate information to the three CRAs and that as a result, her credit reports contain "major discrepancies." (*Id.* at ¶ 14.) Specifically, Plaintiff alleges that Defendant furnished information to the CRAs that account number 488894099309 (the "Account") belonged to Plaintiff and was in derogatory status. (*Id.* at ¶¶ 9, 12, 14, Exh. A.)

After reviewing the account and attempts to confirm the origin of the account, "Plaintiff arrived at the conclusion that the account does not belong to her or that there is an inaccuracy on her credit reports." (*Id.* at ¶ 11.) On February 24, 2012, Plaintiff sent the CRAs a letter disputing the "existence, ownership, and accuracy" of the Account. (*Id.* at ¶ 16, Exh. E.) On March 8, 2012, Plaintiff also mailed a dispute letter to Defendant "requesting documentation substantiating the existence, ownership, and accuracy of the account as reported to the CRAs," and

to delete the inaccurate information if the documents are not provided. (*Id.* at ¶ 19.) Defendant did not respond or provide her documents substantiating the existence, ownership, and accuracy of the account, and continued to report information to the CRAs about the Account that Plaintiff disputes. (*Id.* at ¶ 20.)

Also on March 8, 2012, Plaintiff received a letter from the McGuigan Law Office, LLC ("McGuigan") demanding payment of the debt in the amount of $1,217. (*Id.* at ¶ 21, Exh. G.) The letter states that McGuigan was acting on behalf of Defendant to collect the debt. (*Id.*, Exh. G.) On May 24, 2012 and May 31, 2012, Plaintiff sent two more letters to Defendant following up on her requests for documents. (*Id.* at ¶¶ 22, 23.) Plaintiff has yet to receive any response, and Defendant continues to report information to the CRAs relating to the Account that Plaintiff disputes. (*Id.* at ¶¶ 24, 25.)

## III. PROCEDURAL HISTORY

Plaintiff filed suit on October 12, 2012. (Docket No. 1.) On April 16, 2013, the Court granted in part and denied in part Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, which alleged seven causes of action. (Docket No. 67.) The Court dismissed Plaintiff's causes of action under the Fair Credit Reporting Act ("FCRA") without prejudice, denied Defendants' Motion to Dismiss Plaintiff's causes of action under the California Consumer Reporting Agencies Act ("CCRAA"), and dismissed the remaining causes of action with prejudice. (*Id.* at 7.) The Court also dismissed without prejudice all defendants except BANA due to misjoinder. (*Id.* at 8.)

In the operative complaint—Plaintiff's SAC—Defendant BANA is the only defendant. Plaintiff alleges four causes of action: (1) Willful Violations of the FCRA; (2) Negligent Violations of FCRA; (3) Intentional Violation CCRAA; and (4) Negligent Violation of CCRAA. Defendant filed the instant Motion on September 23, 2013. The Motion is fully briefed.

## IV.  STANDARD OF LAW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).  "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotation and citation omitted).  On a motion for judgment on the pleadings, just as in a motion to dismiss, "a court must assess whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

## V.  DISCUSSION

### A.  Causes of Action Under the FCRA

Plaintiff's First and Second Causes of Action allege willful and negligent FCRA violations.  The FCRA allows consumers to sue a furnisher of credit information if the furnisher breaches the duties enumerated in 15 U.S.C. § 1681s–2. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009).  In the present case, Plaintiff is the consumer and Defendant is a furnisher who provides credit information to the CRAs.

To assert a FCRA claim against a furnisher, a consumer must first notify the CRAs of the consumer's dispute.  *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002).  The CRAs then have an obligation to investigate if the claim is frivolous and irrelevant.  15 U.S.C. § 1681i(a)(1).  If the CRAs deem the claim viable, the CRAs must then contact the furnisher, which creates an opportunity for the furnisher to investigate and correct erroneous credit information.  *See* 15 U.S.C. § 1681s–2(b); *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1179-80 (E.D. Cal. 2005).  If a plaintiff bypasses the requirement to notify

the CRAs first and instead contacts the furnisher directly, there is no FCRA claim. *Nelson*, 282 F.3d at 1060.

To state a claim under the FCRA against a furnisher of credit information, a plaintiff must allege that: (1) she contacted the CRA regarding her dispute; (2) the CRA pursued the claim; and (3) the CRA contacted the furnisher of credit information regarding the dispute, which then triggered the furnisher's duty to reinvestigate the disputed credit information. *King v. Bank of Am., N.A.*, No. C-12-04168 JCS, 2012 WL 4685993, at *5 (N.D. Cal. Oct. 1, 2012) (Spero, M.J.). Once the duty of reinvestigation is triggered, the furnisher of information has five responsibilities under the FCRA. The furnisher must:

> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the CRA;
> (C) report the results of the investigation to the CRA;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other CRAs who received information from the furnisher; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, the furnisher must
> > (i) modify that item of information;
> > (ii) delete that item of information; or
> > (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

In the present Motion, Defendant argues that Plaintiff's FCRA causes of action fail to state a claim because (1) Plaintiff has failed to allege that the information on the credit reports is actually inaccurate, as required by the FCRA; (2) contrary to Plaintiff's allegations, Defendant has authority to furnish information to the CRAs, and (3) Defendant has no duty to reinvestigate because the request came directly from Plaintiff, rather than from a CRA, as required by the FCRA. As discussed below, these arguments are not persuasive.

### 1. Inaccurate Reporting

Defendant argues that Plaintiff fails to allege that Defendant has furnished inaccurate information to the CRAs. A plaintiff must make a *prima facie* showing that the information reported to the CRA is inaccurate in order to make a FCRA claim. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010); *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008). Information is inaccurate or incomplete if it is "patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at 1163 (citation and quotation omitted).

Plaintiff alleges that the information furnished by Defendant to the CRAs is inaccurate in three ways, each discussed below. Two of these do not allege inaccuracy; one of them does allege that Defendant furnished inaccurate information. The Court finds that Plaintiff has alleged that Defendant has furnished inaccurate information to the CRAs.

#### a. Inconsistent Information

The first type of inaccuracy alleged by Plaintiff is that that the CRAs' credit reports for Plaintiff use inconsistent language to describe Plaintiff's Account with Defendant. The Court has reviewed the documents provided by Plaintiff and finds they are not inconsistent. In TransUnion's report, the item listed for Plaintiff's account with Defendant states: "Account paid in Full; was a charge off." (SAC, Exh. C.) The TransUnion report also notes, "Remarks: Purchased by Another Lender." (*Id.*) In Experian's report, the item listed for Plaintiff's account with Defendant states, "Transferred/closed. $1217 written off." (*Id.*, Exh. B.) Accordingly, Plaintiff's own documents defeat this allegation because both reports state that Defendant sold or transferred Plaintiff's debt to another lender. (*Id.*, Exhs. B, C.) This Court has held that similar credit reports are not confusing. *Arutyunyan v. Bank of America Corp.*, No. 2:12-CV-04123-CBM-SHx, at 10 (C.D. Cal. August 30, 2013) (Marshall, J.) (the "*Arutyunyan* Order") (ruling that

one report stating "closed . . . written off" and another stating "account paid in full" is not patently incorrect or materially misleading);[1] *cf. Gorman*, 584 F.3d at 1163 (information in a credit report is inaccurate or incomplete if it is patently incorrect).

### b. Inconsistency Between the McGuigan Letter and the Credit Reports

The second type of inaccuracy alleged by Plaintiff is that a misleading impression is made because the CRAs' credit reports are inconsistent with the McGuigan letter. The letter states that McGuigan was a debt collection law firm acting on behalf of Defendant. (SAC, Exh. G.) In contrast, the CRA credit reports state that Defendant had transferred away Plaintiff's debt to another lender. (*Id.*, Exhs. B, C.) Plaintiff asserts this is inconsistent because Defendant reported to the CRAs that it no longer owns Plaintiff's debt, but at the same time instituted a collection procedure to collect on the debt.

Plaintiff's argument is not persuasive. To assert a FCRA claim against a furnisher, Plaintiff must first notify the CRAs of her dispute. *Gorman*, 584 F.3d at 1154. Then, the CRAs would have an obligation to investigate if the claim is frivolous and irrelevant. *Id.* If the CRAs were to deem the claim viable, then the CRAs would be required to contact the furnisher (Defendant), which would create an opportunity for the furnisher to reinvestigate and correct erroneous credit information. *See* 15 U.S.C. § 1681s–2(b); *Gorman*, 584 F.3d at 1154.

Here, Plaintiff sent her dispute letters to the CRAs on February 24, 2012. (SAC ¶ 16.) The McGuigan letter is dated March 5, 2012. (*Id.*, Exh. G.) Because Plaintiff sent her dispute letters to the CRAs before she even received the McGuigan letter, Plaintiff's dispute—which could potentially trigger Defendant's duties under the FCRA—cannot be based on the content of the McGuigan letter.

---

[1] Defendant has asked the Court to judicially notice the *Arutyunyan* Order. The Court can and does consider this order without taking judicial notice of it. The Request for Judicial Notice is denied.

1  Accordingly, any possible inconsistency between the McGuigan letter and
2  information in the CRAs' credit reports cannot form the basis of Plaintiff's FCRA
3  claim. *See Roybal*, 405 F. Supp. 2d at 1179-80.

                **c.**     **Whether Plaintiff Owns the Account**

5  The third type of inaccuracy that Plaintiff alleges is that the Account "does
6  not belong to her or that there is an inaccuracy on her credit reports." (SAC ¶ 11.)
7  The Court interprets this as an allegation that the Account is not actually
8  Plaintiff's account. In other words, Plaintiff alleges that Defendant has been
9  furnishing information to the CRAs relating to a credit account that does not
10 belong to Plaintiff at all. (*See id.* at ¶ 12.) Accordingly, the Court finds that
11 Plaintiff alleges that the information that Defendant has furnished to the CRAs is
12 "patently incorrect." *Gorman*, 584 F.3d at 1163.

        **2.**     **Defendant's Authority to Report to CRAs**

14 Plaintiff alleges that Defendant violates the FCRA by continuing to report
15 information when it is no longer the owner of the account because this causes
16 "duplicate reporting." (SAC ¶¶ 12, 13.) Plaintiff's allegation fails as a matter of
17 law. The FCRA expressly permits a lender to continue reporting on a credit
18 account for seven years after the lender has placed the account for collection or
19 written off the account as uncollectible. *See* 15 U.S.C. § 1681c(a)(4).
20 Accordingly, the fact that Defendant reports information relating to Plaintiff does
21 not violate the FCRA simply because Defendant no longer owns Plaintiff's debt.
22 Defendant asserts that the defect in this allegation is grounds for dismissing
23 Plaintiff's SAC. (Motion at 6:15-7:10.) This is not persuasive. As discussed
24 above, Plaintiff has alleged that Defendant furnished patently incorrect
25 information relating to Plaintiff. Plaintiff's allegations regarding patently
26 incorrect information do not depend on her allegation that Defendant has no
27 authority to furnish credit information. Accordingly, the Court rejects

Defendant's argument that the SAC must be dismissed because Plaintiff incorrectly alleges that Defendant's continued reporting violates the FCRA.

### 3. Defendant's Duty to Reinvestigate

Defendant argues that Plaintiff fails to state a FCRA claim because Defendant never had a duty to reinvestigate Plaintiff's credit dispute. As discussed above, to assert a FCRA claim against a furnisher, a plaintiff must first notify the CRAs of her dispute. *See King*, 2012 WL 4685993 at *5. Then, the CRAs would have an obligation to investigate if the claim is frivolous and irrelevant. *Id.* If the CRAs were to deem the claim viable, then the CRAs would be required to contact the furnisher (here, Defendant), which would create the duty for the furnisher to reinvestigate the credit information dispute. *Id.*

Here, Defendant argues that the letters Plaintiff sent to Defendant do not give rise to an investigation duty. This is not persuasive. Plaintiff did not only send letters to Defendant. She also sent letters to the CRAs relating to her dispute before she sent letters to Defendant; the CRAs pursued her claim; and the CRAs never informed Plaintiff that they would not forward her dispute to Defendant. (SAC ¶¶ 16-18.) These alleged facts trigger Defendant's duty to investigate under the FCRA. *See Gorman*, 584 F.3d at 1163; *see also Pace v. Bank of Am. Corp.*, No. 11-57203, 2013 WL 4056262, *1 (9th Cir. Aug. 13, 2013) ("Viewing the complaint in the light most favorable to the pleader, it is reasonable to infer that the credit reporting agencies obeyed the law, and that [the defendants] received notice of [the plaintiff's] dispute from the credit reporting agencies.").

In sum, Defendants' arguments relating to Plaintiff's FCRA causes of action are not persuasive. Therefore, the Court denies Defendant's Motion as to the First and Second Causes of Action.

### B. Causes of Action under the CCRAA

Plaintiff's Third and Fourth Causes of Action allege intentional and negligent violations of the CCRAA under California Civil Code § 1785.25(a).

1  Section 1785.25(a) states that "[a] person shall not furnish information on a
2  specific transaction or experience to any consumer credit reporting agency if the
3  person knows or should know the information is incomplete or inaccurate."
4       To bring a CCRAA claim, a plaintiff must make a *prima facie* showing that
5  the information on her credit report that she disputes is inaccurate. *Carvalho*, 629
6  F.3d at 890. Information is inaccurate if it is "patently incorrect or materially
7  misleading." *Id.* at 890-91. The Court finds that Plaintiff has made a prima facie
8  showing that information in her credit report is inaccurate. (*See* SAC ¶¶ 11, 12.)
9       Furthermore, Plaintiff has alleged that Defendant knew or should have
10 known that the information Defendant was furnishing was incomplete or
11 inaccurate, as required by the CCRAA. CAL. CIV. CODE § 1785.25(a).
12 Specifically, Plaintiff alleges that the CRAs informed Defendant of Plaintiff's
13 dispute and that Plaintiff sent letters to Defendant informing it of her dispute.
14 (SAC ¶¶ 17-24.) The Court denies Defendant's Motion as to the Third and Fourth
15 Causes of Action.

## VI.  CONCLUSION

The Court denies Defendant's Motion for Judgment on the Pleadings. All four of Plaintiff's causes of action remain to be adjudicated.

**IT IS SO ORDERED.**

DATED: January 17, 2014  _____

                             CONSUELO B. MARSHALL
                             UNITED STATES DISTRICT JUDGE